# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

KARL JOHNSON

NO. 2023 KW 0368

**APRIL 20, 2023**

In Re:   State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 01-19-0563.

**BEFORE:   WELCH, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The district court abused its discretion in finding the recordings of the 911 calls to be inadmissible, particularly as the court did not review the 911 call recordings prior to its ruling. The admission of the 911 calls into evidence does not violate the Confrontation Clause, and they fall within the excited utterance exception to the hearsay rules. See **State v. Lee**, 2022-01314 (La. 11/16/22), 349 So.3d 988, 989-90 (per curiam). The 911 calls were made by the victim's mother immediately after the alleged offenses occurred. The victim was present during the calls and provided her mother information regarding the incident. The victim's mother then relayed that information to the 911 operator. The calls were made for the primary purpose of reporting the alleged crimes and to seek help for the victim, who claimed to have been raped and was injured. Further, the calls were related to a startling event and were made while the declarants were still under the stress of the event. See La. Code Evid. Arts. 803 (1) & (2). As set forth in **Davis v. Washington**, 547 U.S. 828, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), statements made for the primary purpose of seeking help during an ongoing emergency are not testimonial. Therefore, this matter is remanded to the district court for further proceedings consistent with this ruling.

**JEW**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT